## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**[5] JOSE L. CABRERA COSME aka "Luis Villalobos"**,<br>Defendant. | CRIM. NO. 06-299(CCC) |

### UNITED STATES' RESPONSE IN OPPOSITION TO SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America, herein represented through the undersigned attorneys, and very respectfully prays and states as follows:

1. On January 31, 2011, the defendant filed a Sentencing Memorandum contesting portions of the Pre-Sentence Investigation Report ("PSR") dealing with the description of the evidence the government presented at trial and guideline calculations, among other matters. (Docket No. 1428)

2. The government hereby submits its response to defendant's Sentencing Memorandum.

3. In connection to paragraphs number fifty (50) and fifty four (54) of the PSR, it is the government's position that the statements are supported by the evidence presented during the trial and the jury's guilty verdict.

**Defendant's Role**

4. As to defendant's role in the conspiracy the evidence did show that defendant was one of the main leaders at the La Recta drug point. The drug trafficking conspiracy spanned from 2003 until 2006 and the defendant played a key role as a leader. Defendant had his own cocaine base ("crack") drug point with a network consisting of a runner, several sellers and facilitators under his supervision. The defendant

was responsible for cooking and preparing cocaine base ("crack") for distribution at the drug point. In total, the co-conspirators were responsible for the distribution of at least eighteen (18) kilograms of crack. The Defendant was also a leader and enforcer, who along with other co-defendants conspired to commit multiple murders. There were much more than five (5) participants in the drug trafficking organization, according to the testimonies of government witnesses Delia Sánchez Sánchez, Rey M. Rodríguez Esperón, Luis Nolasco and Juan Tejeda González, all of which were members of the gang and participated in the criminal enterprise.

     5. The defendant specifically conspired to murder competitors in the drug trafficking business such as José A. Medina Nieves aka "Agustín" and Richard Figueroa Perdomo aka "Indio" by giving instructions and firearms to others, including minors such as Luis Nolasco.

     6. The defendant also represented Melvin Méndez Roldán aka "Mel" at the drug point, while Méndez Roldán was incarcerated, which included the coordination of the drug trafficking activities in connection to Méndez Roldán's drug point. In addition, as part of his leadership role the defendant would determine who could have a line of narcotics for sale and when.

     **Cross-Reference to Murder**

     7. During the course of a 7-week trial, the government proved seven (7) drug related murders, through fact witnesses and forensic experts. The evidence as to each murder was overwhelming. The defendant participated directly as a co-conspirator in the planning of the murders of José A. Medina Nieves aka "Agustín" and Richard Figueroa Perdomo aka "Indio". Said murders meet the criteria of U.S.S.G. § 2D1.1(d)(1) because the murders were conducted in furtherance of the drug trafficking conspiracy. This was established by evidence exceeding the applicable preponderance of the evidence standard. As such, the cross reference to murder was correctly applied. See, United States v. Aviles-Colón, 536 F.3d 1, 27-28 (1st Cir. 2008):

> The jury's findings of guilt on Count One, the conspiracy to possess and distribute controlled substances, and Count Two, possession of firearms in furtherance of a conspiracy, subjected the defendants to a statutory term of imprisonment between ten years and life imprisonment. **Under the Guidelines, if the court finds by a preponderance of the evidence that a murder was committed in furtherance of the conspiracy, the Guidelines base offense level is forty-three**. U.S.S.G. § 2D1.1(d)(1) (when a victim was killed under circumstances that would constitute first-degree murder under 18 U.S.C. § 1111, the applicable base offense level is forty-three). The Guidelines provide for a mandatory life sentence when the base offense level is forty-three. However, in light of *Booker,* the Guidelines are only advisory.

(Emphasis added.)

WHEREFORE, the United States respectfully requests from the Honorable Court to take notice of the above, to DENY defendant's requests, and sentence defendant in accordance with the PSR guideline calculations to life in prison.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of February, 2011.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

s\Ilianys Rivera Miranda
Ilianys Rivera Miranda - 223006

s\Carmen M. Márquez
Carmen M. Márquez
Assistant U.S. Attorneys
Torre Chardón, Room 1201
350 Carlos Chardón Avenue
San Juan, PR 00918
Tel. (787) 766-5656
Ilianys.Rivera@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to notify the counsels of record.

At San Juan, Puerto Rico, this 1st day of February, 2011.

                                                    s\Ilianys Rivera Miranda
                                                  Ilianys Rivera Miranda - 223006
                                                  Assistant U.S. Attorney