IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X
UNITED STATES OF AMERICA,
Plaintiff,

CRIMINAL NO. 06-299 (FAB)

-against-

[5] JOSE CABRERA-COSME,

Defendant.
---------------------------------------------------------------X

**THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)**

TO THE HONORABLE COURT:

COMES NOW the United States of America, herein represented through its attorneys and very respectfully submits the following response:

The government respectfully requests that the Court exercise its discretion to deny the Defendant's motion for a sentence medication filed at Docket Entries No. 1993 because: (1) The Court Sentenced the Defendant after the passage of the Fair Sentencing Act; (2) the Defendant has failed to exhaust administrative remedies; (3) failed to demonstrate an extraordinary and compelling reason; (4) failed to allege any serious medical condition; and (5) § 3553(a) factors weigh against a modification of the Defendant's sentence as the Defendant was involved in a drug conspiracy in which the government proved at least seven drug related murders.

I. **Procedural Background**

On September 10, 2009, a grand jury in the District of Puerto Rico returned a two-count superseding indictment which charged Jose L. Cabrera-Cosme a.k.a. "Luis Villalobos" and "Luis Canales" ("the Defendant" or "Cabrera-Cosme") and seven others with (1) Conspiracy to Possess

with Intent to Distribute and Distribution of Controlled Substances near a School and Public Housing Project all in violation of 21 U.S.C. § 846; and (2) Conspiracy to Use, Carry or Possess a Firearm in violation of 21 U.S.C. § 924(c)(1)(A)(I), (c)(1)(A)(ii), and (o). (Dk't No. 15). On June 11, 2010, the Defendant was found guilty after a twenty-eight-day jury trial of Counts, One, and Two. (Dk't No. 1330).

At the time of the Defendant's sentence, at the time of the Defendant's sentence, the Court determined that victims were killed under circumstances that would constitute murder under 18 U.S.C. § 1111, the BOL was determined under U.S.S.G. § 2A1.1(a) to be 43. (Dkt No. 1514 at 10). The Court then applied a chapter three adjustment as the Court found that the Defendant was a leader in the conspiracy which involved five or more participants—which increased the Defendant's total offense level by four. (Dk't No. 1514 at 10); U.S.S.G. § 3B1.1(a). Since minors were used during the commission of the offense, a two level increase was mandated. (Dk't No. 1514 at 11); U.S.S.G. § 3B1.4. The total offense level was then reduced to 43 pursuant to Application Note 2 to Chapter 4, Part A of the Guidelines. (Dk't No. 1514 at 10-11).

On April 6, 2011, the Court imposed a sentence of life months as to Count One. (Dk't Nos. 1458, 1514). The Court imposed the statutory mandatory minimum 120-month term of imprisonment for Count Two that was to be served consecutively to all other Counts. *Id*.

On February 15, 2022, the Defendant filed a motion to Reduce Sentence—First Step Act Compassionate Release. (Dk't No. 1931). On June 22, 2022, the Court denied the Defendant's motion. (Dk't No. 1951). On October 12, 2023, the First Circuit affirmed the Court's denial the Defendant's motion.

On March 26, 2024, the Defendant filed a motion for reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dk't No. 1993).

## II. Legal Background

    a. <u>The First Step of 2018 and Controlled Substances</u>

In August 2010, "President Obama signed into law the Fair Sentencing Act, which raised the crack-cocaine threshold quantities for triggering mandatory-minimum sentences." *United States v. Smith*, 954 F.3d 446, 447 (1st Cir. 2020) (citing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2). The modifications did not apply retroactively to defendants sentenced before August 2010. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012).

But in December 2018, the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, was passed. Section 404 of that Act offers certain persons convicted under 21 U.S.C. § 841 prior to enactment of the Fair Sentencing Act a chance to seek a retroactively reduced sentence. It states:

> (a) DEFINITION OF COVERED OFFENSE. -- In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by a section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. -- A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Section 404(c) of the First Step Act provides—among other things—that a court retains discretion to deny a reduction even where the Fair Sentencing Act modified the statutory penalties for the defendant's violation: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c).

a. The First Step of 2018 and 924(c)

In Section 403 of the First Step Act, effective December 18, 2018, Congress amended Section 924(c) to provide that the 25-year consecutive term for a successive 924(c) offense does not apply unless the defendant had a previous, final conviction for a 924(c) charge at the time of the offense. Under current law, the defendant would face a five-year sentence on each 924(c) charge [adapt as warranted, e.g., a seven-year sentence on each 924(c) charge for brandishing a firearm in each robbery]. The statutory requirement still applies that each such sentence must run consecutively to each other and to any other sentence imposed.

b. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[1]

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The courts of appeals have recognized that § 1B1.13 continues to provide important "guideposts," *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The issue is particularly

---

[1] The inmate does not have a right to a hearing. Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon v. United States,* 560 U.S. 817, 827-28 (2010) (observing that, under Rule 43(b)(4), a defendant need not be present at a proceeding under 18 U.S.C. § 3582(c)(2)).

immaterial where, as here, the motion rests on medical grounds, and the Commission has stated a well-accepted definition of the circumstances that qualify as extraordinary. *See United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (while the Fourth Circuit holds that "§ 1B1.13 is not applicable to *defendant-filed* motions under § 3582(c)," the court recognizes that "it defines, in the medical context, the same substantive term that applies to *BOP-filed* motions. One might reasonably believe therefore that the term 'extraordinary and compelling reasons' will be defined the same for *defendant-filed* motions.").

In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
>  (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>  (ii) The defendant is—
>
>   (I) suffering from a serious physical or medical condition,
>
>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less . . .

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Neither the policy statement nor the BOP regulation provides any basis for compassionate release based on reevaluation of the severity of the original sentence. In this case, the defendant does not set forth anything more. *Id.* In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *See, e.g.*, *United States v. Neal*, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.); *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020) (Kearney, J.). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (Johnson, J.) (citations omitted).

### III. Argument

#### a. First Step Act Eligibility

The Court Should deny the Defendant's Motion because the Court sentenced the Defendant after the passage of the Fair Sentencing Act. The Defendant style's his motion--"a motion for reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)" however, the Defendant appears to make arguments under the First Step Act. As an initial matter, this Court must determine if the Defendant is eligible for a reduced sentence under First Step Act, § 404. *See* First Step Act, § 404. The Court sentenced the Defendant on April 6, 2011—after the passage of the Fair Sentencing Act, which would bar the Defendant from eligibility for a sentence reduction under the First Step Act, § 404. *See Id*. The Court should deny the Defendant's motion because the Court

sentenced the Defendant after the Fair Sentencing Act which raised the threshold quantities that trigger mandatory minimums that the First Step Act was designed to correct. (Dk't No.1458).

### b. Compassionate Release Eligibility

The Court should deny the Defendant's Motion because the Defendant has failed to exhaust administrative remedies. The Defendant appears to move for Compassionate release under 18 U.S.C. 3582(c)(1)(A)—which requires exhaustion of administrative remedies—"or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prion to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." (Dk't No. 324, 327).

To the extent that the Defendant is asking for compassionate release pursuant to 3582(c)(1)(A) this Court must determine if the Defendant has exhausted administrative remedies. The failure to have exhausted administrative remedies within the Bureau of Prisons is fatal to a defendant's motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (concluding that a prisoner's failure to exhaust his motion for a sentence reduction under section 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release"); *see also United States v. Smith*, 2020 WL 1903160 (D. Conn. Apr. 17, 2020); *United States v. Zywotko*, 2020 WL 1492900 (M.D. Fla. Mar. 27, 2020); *United States v. Lugo*, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (extensive analysis, concluding, "The Court regards the language of section 3582(c) as both clear and mandatory."); *United States v. Johnson*, 2020 WL 1663360, at *3-6 (D. Md. Apr. 3, 2020) (concluding in lengthy discussion that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement). That provision sets forth "a paradigmatic mandatory claim-processing rule."

*United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *accord United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (holding that section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule). *See Gao v. Barr*, 950 F.3d 147, 153–54 (1st Cir. 2020) (determining that a statute requiring a party to exhaust "all administrative remedies" required the party to exhaust every "particular theory" for relief that it wished to raise in court (first quoting 8 U.S.C. § 1252(d)(1); then quoting *Avelar-González v. Whitaker*, 908 F.3d 820, 828 (1st Cir. 2018))); *Avelar-González*, 908 F.3d at 828 (same as to exhausting particular "arguments"); *see also United States v. Toaz*, No. 20-1561, 2020 U.S. App. LEXIS 33439, at *7 (6th Cir. Oct. 22, 2020) (unpublished) (holding that the district court "should have dismissed" the defendant's motion for a sentence reduction insofar as it was "based on the risks posed by COVID-19" because the defendant did not exhaust that particular argument for relief before the BOP pursuant to section 3582(c)(1)(A)).

As the proponent of a motion, the Defendant bears the burden of proving that they have satisfied the procedural prerequisites for judicial review. *See United States v. Butler*, 970 F.2d 1017, 1026 (2nd Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.").

In the present case, the Defendant's motion for compassionate release should be denied because the Defendant has failed to demonstrate that he has administratively exhausted his rights within the Bureau of Prison. (Dk't No. 1993). The Defendant has failed to include any reference to his attempts to engage the administrative process with the Bureau of Prisons. (Dk't No. 1993). Absent a final administrative decision, Defendant has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Thus, the Court should deny his motion on that ground.

### c. The Defendant's Motion Fails to Allege Extraordinary and Compelling Reasons

The Defendant's motion to fails to allege extraordinary and compelling reasons for a sentencing modification. (Dk't No. 1993). It fails to state that the defendant is suffering from (1) any illness; (2) a serious function or cognitive impairment; (3) deteriorating physical or mental health because of the aging process. (Dk't No. 1993). The Defendant's motion for compassionate release attempts to litigate the murder cross-reference as applied to the Defendant. *See id*.

### d. This Court should Exercise Discretion in Denying the Defendant's Motion for Compassionate Release

Further, even if the Defendant has exhausted administrative remedies or is proceelling under 18 U.S.C. § 3582(c)(2), relief should be denied. The Defendant is not eligible under 18 U.S.C. § 3582(c)(2) because the Defendant was not sentenced to term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission. *See* 18 U.S.C. § 3582(c)(2) ("has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).")

This Court must then consider all pertinent circumstances, including the 3553(a) factors, and possible danger to the community. *See United States v. Doe*, 833 F. App'x 366 (3rd Cir. 2020)(per curiam) (not precedential) (summarily affirming the denial of compassionate release, in a case in which the defendant presented medical risk, upon holding that the district court did not abuse its discretion in considering the nature of the offense, the defendant's history, and the status of the virus at the facility); *United States v. Bullock*, 833 F. App'x 934 (3rd Cir. 2021)(per curiam)(not precedential) (granting motion for summary affirmance of denial of compassionate release, as the district court did not abuse its discretion in denying relief for medically vulnerable inmate upon considering the 3553(a) factors, including the substantial time remaining to be served

on the sentence and the defendant's criminal history and institutional infractions).The Court's consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a) further supports denying Defendant's request as the Defendant's low-end guideline sentence of 360 months was—and remains—a reasonable sentence with a plausible rationale and defensible result.

If sentenced today utilizing the November 2023 edition of the guidelines, the Defendant's guideline range would be exactly the same as when he was originally sentenced—360 months to life imprisonment. This is because the Defendant's guideline range of 360 months to life-imprisonment in this case was based on the murder cross-reference, (Dk't No. 1514), which dictated that his base offense level should be 43, as it still does today, *see* USSG § 2D1.1(d)(1), 2A1.1.

The Defendant was a leader and drug point owner in vast drug-trafficking conspiracy that distributed large quantities of crack. (Dk't No. 1514).

The Court noted at sentencing,

> Defendant, as leader of the drug trafficking organization, had the power to authorize or to reject the sale of crack at La Recta by others than those who were the core members. The Defendant participated in the decision to kill Richard Figueroa Perdomo, known as Indio, over rivalry in the Control of the crack sales at the housing project. He also participated in the murder of Jose A. Medina Nieves, also known as Agustin, again due to the belief held by the Defendant, and his co-conspirators, that Agustin posed a threat to the organization.

(Dkt No. 589 at 6-7). The murder cross-reference was applied in sentencing of the Defendant because the Defendant participated in murder and "the government proved at least seven drug related murders." of three individuals. (Dk't No. 1514).

As the Defendant was the leader in a conspiracy that involved at least seven murders and the Defendant participated in murder—the Defendant's sentence remains sufficient, but not greater than necessary, to: reflect the nature and circumstances of the offense as well as its seriousness; promote respect for the law; provide just punishment; afford adequate deterrence to criminal

conduct; and protect the public from further crimes of defendant. Defendant's sentence promoted the judicial goals of both specific and general deterrence and precluded the Defendant from further engaging in the criminal conduct that characterized his actions during the charged offense—including a vast drug conspiracy.

As outlined, Defendant's guideline range would be the today as when he was originally sentenced. Further, the Defendant fails to allege any medical condition that would qualify him for a sentence modification within his motion.

Title 18 U.S.C. 3582(c)(1)(A) has no mandate that this Court reduce this the Defendant's sentence, and the Defendant gives the Court no compelling or extraordinary reason why it should do so. Therefore, the Court should not modify his sentence.

**WHEREFORE**, this Court should deny the Defendant's request for a sentence medication pursuant to 18 U.S.C. 3582(c)(1)(A), 18 U.S.C. 3582(c)(2), or the First Step Act.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this June 12, 2024.

W. STEPHEN MULDROW
United States Attorney

/s/ Ryan R. McCabe
Ryan R. McCabe – G03505
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
ryan.mccabe@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/Dk't system, which will send a true and correct copy to all parties of record, and that I will cause this response to be mailed to the following address: Jose Cabrera-Cosme. 30094-069, Federal Correctional Institute, 1640 Sky View Drive, Bruceton Mills, West Virginia, 26525.

                                                  /s/ Ryan R. McCabe
                                                  Ryan R. McCabe – G03505
                                                  Assistant United States Attorney
                                                  Torre Chardon, Suite 1201
                                                  350 Carlos Chardon Street
                                                  San Juan, PR 00918
                                                  ryan.mccabe@usdoj.gov